UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

GERALD CALDERON, individually; and E.C. by her father and natural guardian, Gerald Calderon,

                Plaintiffs,

-against-

WALMART, INC.,

                Defendant.

----------------------------------------------------------------------X

Index No: _____ / 19

**VERIFIED COMPLAINT**

Jury Trial Demanded

Plaintiff, complaining of the defendants, by their attorneys, THE BERKMAN LAW OFFICE, LLC, alleges for their complaint, upon information and belief, as follows:

## THE PARTIES

1. At all times relevant to this complaint the plaintiff, GERALD CALDERON ("GERALD") is a resident of the State of New York.

2. At all times relevant to this complaint, the plaintiff, E.C. is a minor.

3. At all times relevant to this complaint, Gerald Calderon is the father and natural guardian of the infant plaintiff E.C.

4. At all times relevant to this complaint, E.C. is a resident of the State of New York.

5. Upon information and belief, at all times relevant to this complaint, the defendant WALMART, INC. ("WALMART") is a corporation organized and existing pursuant to the laws of the State of Delaware, with its principle place of business located in Arkansas, and is licensed

to do business in the State of New York, with its registered office located within the Eastern District of New York.

## JURISDICTION

6. This Court has subject matter of jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the plaintiffs and the defendant are citizens of different states, and the amount in controversy exceeds $75,000.

## THE UNDERLYING FACTS

7. On or about June 11, 2018, plaintiff GERALD was shopping in a store operated by defendant WALMART, accompanied by his daughter, E.C., who was eight years old at the time.

8. On the aforementioned date, GERALD and E.C. were present in the WALMART store for approximately 40 minutes shopping for food, toys, and other items.

9. As GERALD and E.C. were heading over to the produce section, police officers appeared running towards him, and saying over a phone or radio "is this him."

10. The police arrested GERALD for using a counterfeit $100 bill at the register that morning.

11. However, GERALD had actually not been to the register that morning, and had not used counterfeit currency.

12. Upon information and belief, GERALD had been mis-identified by a WALMART employee, whose name, upon information and belief, was Brittany Diehl.

13. Upon being arrested, GERALD protested that he had not been the register that morning, and had not used counterfeit currency, and begged the WALMART staff to check their security camera recordings, but they refused.

14. GERALD was arrested, held in a cell for about four hours before being arraigned and released on pre-trial probation.

15. E.C. was also taken to the police station and held in the jail cell area with her father, and a babysitter had to be called to come pick her up from the jail cell area.

16. GERALD was required to retain a criminal attorney.

17. The criminal attorney obtained the WALMART security footage, which clearly shows that the person who passed the counterfeit currency was not GERALD.

18. The charges against GERALD were dismissed on July 3, 2018.

19. As a result of the incident described above, the plaintiff GERALD was caused to suffer severe and permanent injuries, including: was subjected to arrest, detention by police, being held in jail cell, being arraigned, being forced to retain criminal counsel; humiliation; being required to endure having his daughter see him be arrested, incarcerated, demeaned, treated as a criminal, and deprived of his liberty; plaintiff was rendered sick, sore, lame and disabled; severe mental anguish and distress and emotional upset; extensive expenses have been and/or will be incurred for medical and hospital treatment; plaintiff was or may be required to receive medical care and attention and upon information and belief will require additional medical care and attention in the future; plaintiff's ability to pursue his usual duties and vocation has been impaired; plaintiff has become substantially disabled; plaintiff has suffered severe mental anguish and distress; extreme pain and suffering; plaintiff has been otherwise damaged; psychologically unable to return to Walmart, requiring him to pay more for purchases at other stores; plaintiff's employment has been affected as his employer found out about the arrest; all of these injuries are permanent in nature and continuing into the future.

20.     As a result of the incident described above, the plaintiff E.C. was caused to suffer severe and permanent injuries, including: being detained along with her father; subjected to arrest, detention by police, being held in a police precinct in the jail cell area; humiliation; seeing her father wrongfully arrested, incarcerated, demeaned, treated as a criminal, and deprived of his liberty; seeing her father forced to be fingerprinted, and handcuffed; terror; became scared of police; plaintiff was rendered sick, sore, lame and disabled; severe mental anguish and distress and emotional upset; extensive expenses have been and/or will be incurred for medical and hospital treatment; plaintiff was or may be required to receive medical care and attention and upon information and belief will require additional medical care and attention in the future; plaintiff's ability to pursue his usual duties and vocation has been impaired; plaintiff has become substantially disabled; plaintiff has suffered severe mental anguish and distress; extreme pain and suffering; plaintiff has been otherwise damaged; psychologically unable to return to Walmart; and plaintiff's employment has been affected as his employer found out about the arrest; all of these injuries are permanent in nature and continuing into the future.

## AS AND FOR A FIRST CLAIM FOR RELIEF

21.     Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

22.     On or about the aforementioned date, the plaintiff GERALD was lawfully present at the defendant WALMART's store.

23.     On or about the aforementioned date, the plaintiff E.C. was lawfully present at the defendant WALMART's store.

24.     On or about the aforementioned date, neither plaintiff had done anything wrong.

25. Upon information and belief, on or about the aforementioned date, the defendant WALMART's agents, servants, and/or employees falsely and erroneously identified the plaintiff to police as someone who had passed counterfeit currency, which he had not done.

26. Upon information and belief, the defendant WALMART's agents, servants, and/or employees failed and refused to review the video footage from their security cameras before the police arrested GERALD.

27. Upon information and belief, the plaintiff's injury occurred due to the recklessness, carelessness, and negligence of the defendant WALMART, and its agents, servants, employees, contractors, and/or others by: falsely and erroneously accusing individuals of passing counterfeit currency and reporting them to the police; failing and refusing to review security camera footage before complaining to the police; misidentifying the plaintiff; permitting untrained and unqualified personnel to have the power to finger people to the police without reviewing security camera footage; failing to have properly trained, efficient, and sufficient personnel; acted carelessly and grossly negligent; disregarding the rights of others; and the defendant was otherwise reckless, careless and negligent.

28. The defendants are jointly and severally liable to the plaintiffs pursuant to the exceptions set forth in CPLR Article 16.

29. At all times mentioned herein, plaintiffs were caused to suffer severe and permanent damages due to the negligence, carelessness and recklessness of the defendants, such injuries being set forth in detail above.

30. By reason of the foregoing, the plaintiffs are entitled to recover the full extent of their damages, in an amount to be determined by the jury at trial.

## AS AND FOR A SECOND CLAIM FOR RELIEF

31. Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

32. The defendant's agents, servants, and/or employees made false statements about plaintiff GERALD, stating to police that he had passed counterfeit currency when he was at the register when in reality he had neither been at the register nor passed counterfeit currency.

33. Plaintiff GERALD was damaged by those false statements, as set forth above.

34. By reason of the foregoing, GERALD is entitled to recover the full extent of his damages, in an amount to be determined by the jury at trial.

**WHEREFORE**, the plaintiffs demand judgment against the defendant in the amounts and for the relief requested herein, plus attorney's fees to the extent permitted by law.

Dated:   Brooklyn, New York
         June 11, 2019

                                    Yours,

                                    THE BERKMAN LAW OFFICE, LLC
                                    *Attorneys for the plaintiffs*

                                    by: _____
                                         Robert J. Tolchin

                                    111 Livingston Street, Suite 1928
                                    Brooklyn, New York 11201
                                    (718) 855-3627